Nov. Term, 1844.

RICKETTS *v.* ASH.

RICKETTS
v.
ASH.

The jurisdiction of the justices of the peace, under the act of 1838 concerning tenants holding over, is not limited as to the amount of damages.

That statute only authorizes proceedings for the recovery of the possession of real estate, and damages for its detention. It has no relation to personal property.

*Thursday, November 28.*

ERROR to the *Putnam* Circuit Court.

BLACKFORD, J.—This is a proceeding instituted by *Ash*, before two justices of the peace, under the statute of 1838 concerning tenants holding over. The complaint states that the plaintiff leased to the defendant a certain house and lot, which are described, and the goods and chattels and household furniture then in the house, for one year, in consideration of the sum of 200 dollars for the rent of said premises; that the defendant entered on the premises, and possessed the same for said term which had long since expired; that the plaintiff had, on, &c., demanded possession of the premises, which demand had been refused. Damage 100 dollars. The defendant having appeared, the suit was tried, and judgment rendered for the plaintiff.

The defendant appealed to the Circuit Court; the cause was there tried, and the following verdict given, viz., The jury find that the plaintiff is entitled to the legal possession of the premises in the complaint mentioned, and assess the plaintiff's damages for the unjust detention thereof at the sum of 60 dollars. Judgment as follows: It is therefore considered, that the plaintiff recover against the defendant the possession of the said premises, together with the sum of 60 dollars, his damages as aforesaid assessed for the unjust detention thereof, &c.

The defendant contends, that the justices have no jurisdiction in a case for so large a sum as that claimed as damages in this case. This objection is untenable, there being no limit in the statute as to the amount of damages that may be claimed. The judgment must, however, be reversed on another ground. The complaint is, that the plaintiff had leased to the defendant a certain house and lot, and goods and chattels and household furniture in the house, in consideration of the sum of 200 dollars for the rent of said premises. It is evi-

dent that the word premises there means both the real and <span>Nov. Term, 1844.</span> personal property leased. The verdict is, that the plaintiff was entitled to the premises in the complaint mentioned, that is, the said real and personal property ; and the judgment is for the possession of the said premises, plainly meaning all the property alleged to have been leased. It thus appears, that the plaintiff claimed the possession of personal as well as real property, and has obtained a verdict and judgment for the possession of both, and damages for the detention of both. The statute, under which the complaint was filed, only authorizes this proceeding for the recovery of the possession of real estate, and damages for its detention. It has no relation whatever to personal property. R. S. 1838, p. 584.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna*, for the plaintiff.

*J. Cowgill*, for the defendant.